UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL MARTIN,             )
                                     )
             Plaintiff,        )
                                     )
                v.           )     No. 1:17-cv-00366-RLY-DML
                                     )
NANCY A. BERRYHILL,    )
                                     )
             Defendant.    )

## Report and Recommendation
## on Complaint for Judicial Review

This matter was referred to the Magistrate Judge under 28 U.S.C. §

636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a report and recommendation as to its

appropriate disposition.  As addressed below, the Magistrate Judge recommends

that the District Judge REVERSE AND REMAND the decision of the Commissioner

of the Social Security Administration that plaintiff Michael Martin is not disabled.

## **Introduction**

Mr. Martin applied on June 13, 2013, for Disability Insurance Benefits (DIB)

under Title II of the Social Security Act, alleging that he has been disabled since

April 1, 2013.  Acting for the Commissioner of the Social Security Administration

following a hearing on June 17, 2015, an administrative law judge (ALJ) found that

Mr. Martin is not disabled.  The Appeals Council denied review of the ALJ's

decision on December 1, 2016, rendering the ALJ's decision for the Commissioner

final.  Mr. Martin timely filed this civil action under 42 U.S.C. § 405(g) for review of

the Commissioner's decision.

The court will first describe the legal framework for analyzing disability claims and the court's standard of review, and then address Mr. Martin's specific assertions of error.

## Standard for Proving Disability

To prove disability, a claimant must show he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Mr. Martin is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 423(d)(2)(A). The Social Security Administration (SSA) has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process for determining disability. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if he is, then he is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe; if they are not, then he is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either singly or in combination, meet or medically equal the criteria of any of the conditions in the

Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The Listing of Impairments includes medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for the most similar listed impairment, then the claimant is presumptively disabled and qualifies for benefits. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then his residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite his impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform his past relevant work, then he is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on his age, work experience, and education (which are not considered at step four), and his RFC; if so, then he is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given his age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

## Standard for Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are

supported by substantial evidence.  *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001).  Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion.  *Id.*  The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence.  *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for his decision to accept or reject specific evidence of a disability.  *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004).  The ALJ need not address every piece of evidence in his decision, but she cannot ignore a line of evidence that undermines the conclusions he made, and she must trace the path of his reasoning and connect the evidence to her findings and conclusions.  *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Administrative Proceedings

Mr. Martin was born in 1960 and was 55 years old at the time of the administrative hearing in 2015.  Mr. Martin and a vocational expert testified at the hearing,.

At step one, the ALJ determined that Mr. Martin had not engaged in substantial gainful activity since April 1, 2013, the alleged onset date.  At step two, the ALJ found Mr. Martin had the following severe impairments: substance abuse, depression, degenerative disc disease, and degenerative joint disease.  At step three, the ALJ concluded that Mr. Martin did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments.

Considering his impairments, the ALJ determined Mr. Martin has the RFC to perform medium work as defined in the regulations, with the following limitations. Mr. Martin can only occasionally climb ladders, ropes, and scaffolds. He is not to work at unprotected heights or around moving mechanical parts and is not to operate a motor vehicle. Mr. Martin is limited to simple and repetitive tasks requiring simple work-related decisions. (R. 14).

With this RFC and based on the ALJ's review of the testimony of a vocational expert (VE), the ALJ found at step four that Mr. Martin was able to perform past relevant work. Therefore, the ALJ determined Mr. Martin has not been under a disability from April 1, 2013, through the date of the ALJ's decision. (R. 19). Mr. Martin now challenges this outcome.

## Analysis

Mr. Martin argues the following reversible errors necessitate remand: (1) the ALJ failed to consider his VA disability rating; (2) the ALJ failed to call a medical expert to address the issue of medical equivalence; (3) the RFC was not supported by substantial evidence; and (4) the ALJ erred in finding Mr. Martin capable of performing his past relevant work. The court will address each of these arguments in turn.

### A. **Remand is required because the ALJ failed to give any meaningful consideration of Mr. Martin's VA disability determination**.

SSR 06-03p requires an ALJ to evaluate all of the evidence in the case record, including decisions by other governmental agencies. According to that regulation,

a governmental agency's decision regarding disability does not *bind* the ALJ in his disability determination, but it "cannot be ignored and must be considered." It also provides that the "adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases." *Id.* The Seventh Circuit has held that the ALJ "should give" a VA disability rating "some weight" in determining a claimant's disability. *Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006).[1]

This court has found an ALJ's failure to mention a claimant's VA disability rating in his decision to be reversible error. *Kessler v. Astrue,* 2009 WL 3060220, *4 (S.D. Ind. 2009); *Allen v. Astrue,* 843 F. Supp. 2d 920, 935 (S.D. Ind. 2011) (because the ALJ did not "mention" the VA's disability rating, the "court must assume he did not give any weight to this evidence"). In *Kessler*, Judge Barker remanded the case and noted that "despite clear evidence that [Plaintiff] had received VA disability determinations, there is no indication of what weight, if any, the ALJ gave to the VA's findings." 2009 WL 3060220 at *4. In remanding, Judge Barker further noted that the "ALJ's decision does not even acknowledge the VA's determination, let alone cite the applicable VA disability guidelines or

---

[1] As the Seventh Circuit recently noted, there has been a change in the SSA's regulation regarding disability determinations by other governmental agencies. *Bird v. Berryhill*, 847 F.3d 911, 913 (7th Cir. 2017). The previous version of 20 C.F.R. § 404.1504 "provides that a disability determination by another agency does not bind the SSA. The new regulation adds that for claims filed on or after March 27, 2017, SSA will not try to analyze the other agency's decision, although it will consider the decision's supporting evidence." *Id.* As Mr. Martin's claim was filed before March 27, 2017, the previous version and its accompanying precedent applies here.

attempt to distinguish them and show why they are not relevant." *Kessler*, 2009 WL 3060220 at *4.

Courts in other circuits have assigned varying degrees of significance to a VA disability rating and have addressed what it means for an ALJ to "consider" that determination. In *Kane v. Heckler*, 776 F.2d. 1130, 1135 (3d Cir. 1985), for example, the Third Circuit directed that the rating be given "substantial weight." In the Ninth Circuit, an ALJ must give "great weight to a VA determination of disability." *McCartey v. Massanari,* 298 F.3d 1072, 1076 (9th Cir. 2002). The ALJ may, however, "give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id.* In *Morrison v. Apfel*, 146 F.3d 625, 628 (8th Cir. 1998), the court found that the "VA finding was important enough to deserve explicit attention. . . . If the ALJ was going to reject the VA's finding, reasons should have been given, to enable a reasoned review by the courts."

In this case, the ALJ *did* mention the VA's determination—in a one-sentence footnote. In explaining a reference in the claimant's records to his disability, the ALJ dropped a footnote stating, "The claimant has a 60% disability rating due to service connected injuries." (R. 17 n.2). The ALJ did not discuss the VA's disability guidelines or any relevant distinctions between those guidelines and those applicable to Social Security disability determinations, nor did she discuss what "weight," if any, she was giving to the VA's determination. Indeed, this court has remanded a case where the ALJ said more than this regarding a

7

claimant's VA disability rating.  *See McGuire v. Colvin*, 2013 WL 5352756, No. 1:12-cv-0960, *3 (S.D. Ind. Sept. 2, 2013) (remanding where ALJ's decision stated, "The claimant's receipt of 100% VA disability is not dispositive of the issue of disability in this matter as different statutory requirements are required when determining disability under the Act.")

The Commissioner has devoted a mere three sentences to Mr. Martin's argument on this ground, stating the VA uses a "very different standard when computing disability percentages" and "the VA's disability rating is not especially probative on the issue of disability under Social Security standards." (Br. at 16).  Therefore, according to the Commissioner, "remand on this narrow issue would serve no useful purpose."  (*Id.*)  However, the *ALJ* did not include any rationale—let alone the Commissioner's rationale—in connection with Mr. Martin's VA disability rating in her decision.  Nor is the Commissioner's ultimate conclusion that remand on this issue would serve no useful purpose consistent with the law in this circuit.  *See, e.g., Allen,* 843 F. Supp. 2d at 935-36.   Remand is therefore required.

### B. <u>Substantial evidence supports the ALJ's step three determination.</u>

Although Mr. Martin summarizes this argument as "the ALJ erred in failing to obtain an updated medical opinion concerning medical equivalence" (Br. at 13),

Mr. Martin actually asserts two distinct arguments.[2]  As best as the court can ascertain, at bottom Mr. Martin's first argument is that the ALJ's step three determination was not supported by substantial evidence because the ALJ "fail[ed] to consult a Disability Determination form or other expert opinion addressing [Mr. Martin's] mental limitations."  (*Id.* at 16).  Mr. Martin maintains "the ALJ further erred in relying on outdated medical consultant opinions."  (*Id.* at 17).

While the court will address both of Mr. Martin's arguments further below, the court notes at the outset that Mr. Martin's step three argument as a whole is not well taken.  In his hearing brief submitted to the ALJ, counsel for Mr. Martin conceded that a listed impairment had not been met; the brief conspicuously is silent as to whether Mr. Martin maintained a listing was equaled.  (*See* R. 216).

### i.  The record evidence supports the ALJ's step three determination.

The ALJ bears responsibility for deciding medical equivalence for cases at the ALJ level.  20 C.F.R. § 404.1526(e).  While "longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the [ALJ] or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight" (SSR 96-6p, 1996 WL 374180, at *3 (July 2, 1996)), Disability Determination and

---

[2] In a single sentence, Mr. Martin also argues that the "State Agency medical consultants never considered Listing 1.02."  (Br. at 16).  Mr. Martin did not develop this argument in his brief, and the court will not craft one for him.  Suffice it to say, Mr. Martin does not assert that he does in fact meet or medically equal Listing 1.02, let alone identify any evidence to support such a contention.

Transmittal Forms "conclusively establish that 'consideration by a physician . . . designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review.'" *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004) (internal citations omitted); *see also* SSR 96-6p, 1996 WL 374180, at *3. "Other documents, including the Psychiatric Review Technique Form and various other documents on which medical and psychological consultants may record their findings, may also ensure that this opinion has been obtained at the first two levels of administrative review." SSR 96-6p, 1996 WL 374180, at *3.

Here, two Disability Determination and Transmittal (DDT) Forms stated that Mr. Martin was not disabled.[3] *Cf. Wadsworth v. Astrue*, No. 1:07-cv-0832, 2008 WL 2857326, at *7 (S.D. Ind. July 21, 2008) ("Here, no medical advisor designated by the Commissioner has expressed an opinion as to whether [the claimant's] impairments equaled a listing.") The initial DDT form for Title II is dated September 13, 2013. The reconsideration DDT form is dated December 11, 2013. (R. 63, 74).

The record also includes two Disability Determination Explanations (DDE), both of which included a Psychiatric Review Technique (PRT) section. The initial DDE specifically stated as follows:

---

[3] The DIB transmittal forms contain a code of J1 in Item 22. This code means that the basis for the decision is that the applicant has the capacity for substantial gainful activity other than past relevant work. POMS DI 26510.045, *available at:* https://secure.ssa.gov/poms.nsf/lnx/0426510045 (last visited November 7, 2017).

**No mental medically determinable impairments established.**

**PRT – Additional Explanation**

history of da&a and dx of depression listed va medical records and treated short period with medication. current functional adl/q'aire completed by clmt and rc dated 8/13/13 per clmt states he is not currently depressed. clmt reports in 2012 he had fallen on hard times and was given meds. Clmt has no current or other mh tx, no hx of mh tx.

(R. 57-58) (emphasis in original). The reconsideration DDE includes the addition: "I have reviewed the evidence in file and this assessment is affirmed as written. [N]o allegation of new or worsened mh impairment, no new tx, no change in adls." (R. 68). As Mr. Martin acknowledges elsewhere in his brief, psychological consultants reviewed the file and signed the DDEs. (Br. at 7-8). Furthermore, Mr. Martin did not identify any mental impairments in his application for disability benefits. (*See, e.g.,* R. 175). Notwithstanding this evidence, the ALJ included depression as one of Mr. Martin's severe impairments, noting, "[i]n light of the paucity of the treatment evidence, his only Global Assessment of Functioning (GAF) of 60 and the claimant's abuse of alcohol, one may consider the inclusion of depression as a 'severe' impairment as generous." (R. 12, 14).

These forms are sufficient to support the ALJ's step three findings as to Mr. Martin's impairments. That the ALJ went beyond the DDE forms and included his depression as a severe impairment was to Mr. Martin's benefit and does not constitute reversible error under the circumstances presented here.

ii. **The ALJ did not err by failing to call a medical expert to address medical equivalence.**

11

The ALJ is required to receive an updated medical opinion from a medical expert only "[w]hen additional medical evidence is received that *in the opinion of the administrative law judge* or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." SSR 96-6p, 1996 WL 374180, at *3-4 (emphasis added). *See also Buckhanon v. Astrue*, 368 F. Appx. 674, 679 (7th Cir. 2010).

Mr. Martin points to a single cervical CT which he maintains "noted significant abnormalities" and post-dated review by the state agency consultants. (Br. at 17). However, he fails to identify how this single medical record changes the analysis regarding whether Mr. Martin met or medically equaled a listing.

It is the claimant's burden to prove that his condition meets or equals a listed impairment. *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999). Although the ALJ "bear[s] some responsibility for developing the administrative record . . . [the ALJ is] also free to assume that a claimant represented by counsel has presented [his] strongest case for benefits . . . ." *Buckhanon*, 368 F. Appx. at 679 (internal citations omitted). Mr. Martin knew in 2013 that the state-agency consultants did not think he was disabled. Mr. Martin, represented by counsel, never presented an opinion on medical equivalence, nor did he ask the ALJ to recontact the state agency consultants. At the same time, however, Mr. Martin was gathering other evidence for the record. In these circumstances, the appropriate inference is that Mr. Martin decided another expert opinion would not help him. *Id.* (court could not

12

conclude ALJ erred or "any putative error was harmful;" ALJ expressly relied on medical judgment of state agency consultants and claimant's medical providers remained silent on question of medical equivalence).

There was no error. Under these circumstances, the ALJ was not required to call a medical expert on the issue of medical equivalence, and substantial evidence supports the ALJ's step three determination.

### C. **Mr. Martin's additional arguments should be addressed on remand.**

Mr. Martin challenges the ALJ's RFC on three grounds: (1) no medical opinion supports the ALJ's finding that Mr. Martin could perform simple and repetitive work, requiring simple work-related decisions; (2) no medical opinion or accurate logical bridge supports the ALJ's finding that Mr. Martin could perform medium exertional work; and (3) the ALJ erred in assessing Mr. Martin's credibility (Br. at 17-18). Mr. Martin also maintains the ALJ erred in finding him capable of past relevant work. (Br. at 13). Because consideration of Mr. Martin's VA disability determination could affect the ALJ's RFC and Step 4 determinations, these issues should be revisited on remand.

### Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Judge REVERSE AND REMAND the Commissioner's decision under sentence four of 42 U.S.C. § 405(g).

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file

objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure.  Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Date: 12/19/2017

_Debra McVicker Lynch_
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system